UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAE-ANN FLORES,<br><br>                Plaintiff,<br>    v.<br><br>JERRY FLORES, JR,<br><br>                Defendant. | CASE NO. 3:21-cv-05814-DGE<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES |

**I     INTRODUCTION**

This matter comes before the Court on Plaintiff Mae-Ann Flores' Motion for Attorney Fees under Federal Rule of Civil Procedure 54(d) and 8 U.S.C. § 1183a(c).  (Dkt. No. 28.) Having considered Plaintiff's motion, the exhibits and declarations attached thereto, and the remainder of the record, the Court GRANTS in part Plaintiff's motion, and awards attorney fees in the amount of $15,790.

## II     BACKGROUND

On March 7, 2022, the Court entered default judgment against Defendant Jerry Flores Jr. for failing to provide financial support under the I-864 Affidavit of Support. (Dkt. No. 26.) The Court entered default judgment against Defendant in the amount of $5,035.20 and ordered Defendant to make monthly payments to Plaintiff to the amount of $1,907.30. (*Id.* at 13.) On March 10, 2022, Plaintiff filed a Motion for Attorney Fees, which the Court now considers. (Dkt. No. 28.)

Plaintiff's counsel, Greg McLawsen, represented Plaintiff *pro bono*. (Dkt. No. 9 at 1.) Plaintiff seeks $16,180 in total for attorney fees and $535 in costs.

## III     DISCUSSION

**A.  Plaintiff Is Entitled to Attorney Fees Under 8 U.S.C. § 1183a(c)**

A plaintiff is entitled to recover legal fees and other costs of collecting amounts owed under the Affidavit of Support. 8 U.S.C. § 1183a(c) ("Remedies available to enforce an affidavit of support under this section include . . . payment of legal fees and other costs of collection[.]") Courts have applied this provision to award attorney fees to plaintiffs suing to enforce an I-864 Affidavit of Support. *See, e.g.*, *Erler v. Erler*, 2018 WL 4773414, at *1 (N.D. Cal. Apr. 11, 2018); *Anderson v. Anderson*, 2020 WL 1083702, at *1 (W.D. Wash. Mar. 6, 2020).

That Mr. McLawsen's legal services were provided *pro bono* does not alter the analysis. "Attorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services." *Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014); *see also Erler*, 2018 WL 3421911, at *3 (awarding attorney fees to a plaintiff who received *pro bono* representation in an I-864 Affidavit of Support litigation).

In this case, Plaintiff succeeded in enforcing her spouse's Affidavit of Support obligations (Dkt. No. 26 at 12–13), and therefore, is entitled to a judgment of reasonable attorney fees.

**B. Reasonableness of Plaintiff's Attorney Fees Request**

District courts calculate attorney fees using the lodestar method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "'The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.* (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001)) (internal quotations omitted). The lodestar is considered presumptively reasonable in I-864 Affidavit of Support cases. *See, e.g.*, *Fukita v. Gist*, 2021 WL 754149, at *1 (D. Minn. Feb. 26, 2021); *Jubber v. Jubber*, 2019 WL 4260224, at *1 (D. Md. Sept. 9, 2019).

    1. <u>Reasonable Hourly Rate</u>

To determine a reasonable hourly rate, courts apply the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997) (internal quotation marks omitted). The party seeking attorney fees bears the burden of producing satisfactory evidence of the prevailing market rate. *Camacho*, 523 F.3d at 980. The established rate for billing clients may be a reasonable hourly rate, but it is not conclusive. *See Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 203–04 (1983). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Mr. McLawsen proposes an hourly rate of $500, which is also the rate he charges when he serves as a consultant expert on Affidavit of Support matters. (Dkt. No. 29-4 at 1.) Yet, as this is not determinative, the Court examines other supporting evidence. The Washington immigration attorney expert Mr. McLawsen retained to provide a declaration in this case charged a rate of $450 per hour. (Dkt. No. 29-5 at 1.) Mr. McLawsen argues a rate of $500 per hour is reasonable in the Western District of Washington, citing cases in which courts have approved rates ranging from $415 to $760 per hour for associate and partner attorneys located in Seattle. (Dkt. No. 28 at 11.) Mr. McLawsen has "reviewed over 500 Affidavit of Support enforcement matters," (Dkt. No. 29 at 4), which is uncommon because "there is no other immigration attorney in Washington State that holds her or himself out as offering to represent I-864 beneficiaries in civil litigation." (Dkt. No. 29-3 at 1.) Mr. McLawsen has around 13 years of experience, and thus, charges a rate comparable to other attorneys in Seattle with similar experience. *See Nwauzor v. GEO Grp., Inc.*, 2021 WL 5907797, at *2 (W.D. Wash. Dec. 14, 2021) (approving attorney fees for lawyers with ten to twenty years of experience charging $350 to $500 per hour). Accordingly, the Court agrees Mr. McLawsen's rate of $500 is reasonable.

2. <u>Reasonable Hours</u>

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours[.]" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). "[T]he district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* at 946 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). District Courts may reduce requested attorney hours where the motion's language was "boilerplate," and courts may reasonably conclude that

the preparation of the motion "demanded little of counsel's time." *See id.* at 950 (quoting *Webb v. Sloan*, 330 F.3d. 1158, 1170 (9th Cir. 2003)).

Mr. McLawsen requests 32.36 billable hours. (Dkt. No. 28 at 6.) The breakdown of Mr. McLawsen's hours is as follows:

Initial case work-up and drafting/filing of complaint: 1.94 hours

Preliminary Injunction Motion: 6.47 hours

Motions for Default and Default Judgment: 16.86 hours

Other case oversight activities: 2.41 hours

Motion for Attorney Fees: 4.38 hours

(Dkt. No. 29 at 9–11.)

The sum of these hours is 32.06 hours, not 32.36 hours. Thus, the Court corrects McLawsen's initial request to 32.06 hours. Further, one of the entries under Motions for Default and Default Judgment states: "Review unlawful detainer pleadings; follow-up with landlord's lawyer." (Dkt. No. 29 at 10.) This entry does not pertain to this case, so the Court subtracts 0.48 hours. Accordingly, the number of reasonable hours expended was 31.58. The Court has reviewed the itemized bills provided by Mr. McLawsen and finds the entries neither unnecessary nor duplicative. (Dkt. No. 29 at 9–11.)

Using the reasonable hours and rate above, the lodestar amount for Mr. McLawsen is 31.58 hours multiplied by $500 per hour, which totals $15,790. Accordingly, the Court awards Plaintiff $15,790 in reasonable attorney fees.

Plaintiff's motion also includes a request for $535 in costs. (Dkt. No. 28 at 10.) Under Local Civil Rule 54(d)(3), Plaintiff's request for costs has been forwarded to the Clerk of the Court for consideration.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES - 5

## IV      CONCLUSION

Accordingly, and having considered Plaintiff's motion, and the remainder of the record, the Court finds and ORDERS that Plaintiff's Motion for Attorney Fees is GRANTED in part.

Defendant Jerry Flores, Jr. shall pay Plaintiff $15,790 as an attorney fee award.

Dated this 22nd day of August 2022.

                                              David G. Estudillo
                                              United States District Judge